Argued February 10, reversed and remanded March 17, petition for
rehearing denied April 12, 1977

HOPKINS et ux, *Appellants,*
*v.*
BURGER CHEF SYSTEMS, INC., *Respondent.*
(No. 404 940, SC 24379)
561 P2d 592

Charles V. Elliott, Portland, argued the cause for
appellants. With him on the brief was Elliott &
Andrews, Portland.

John M. Berman, Portland, argued the cause for respondent. With him on the brief were Herbert H. Anderson, and Dezendorf, Spears, Lubersky & Campbell, Portland.

Before Denecke, Chief Justice, and Holman, Lent, and Mengler, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action to recover two months' rent from defendant (lessee), who remained on commercial property belonging to plaintiffs (lessors) approximately two months beyond the date on which the lease provided the premises should be vacated. The jury returned a verdict for plaintiffs. On defendant's motion for a judgment notwithstanding the verdict, the trial judge reduced the amount of the rent to an amount which defendant had previously tendered to plaintiffs.[1] Plaintiffs appeal from this reduction and from an award of attorney fees to defendant.

In 1968 defendant, a fast-food franchise organization, leased a parcel of commercial property from plaintiffs' predecessor. For convenience, plaintiffs shall hereinafter be referred to as the original parties to the lease. Under the lease plaintiffs were obligated to build improvements to defendant's specifications at the approximate cost of $70,000. Defendant was obligated to pay rent of $1,133.31 per month.

The term of the lease was to be 20 years, but it could be cut shorter by exercise of the following mutual release clause:

"Lessee [defendant] shall have the option of being released from all terms and conditions of this lease after giving the Lessor [plaintiffs] six (6) months notice by certified mail and upon paying all rents and any other monies due to the date of release, plus the payment of Five Thousand Dollars ($5,000.00) on the date of the release, which shall be the date of giving notice, and by vacating the Premises within sixty (60) days from granting of such notice, Lessee shall then be relieved from further liability under all the terms and conditions of this Lease, except as provided in the next two (2) paragraphs. Lessor may, after sixty (60) days from receipt of such notice, lease or rent the Premises and retain all the proceeds received therefrom, without any accounting to Lessee whatsoever:

---

[1] No issue is made of whether a motion for a judgment notwithstanding the verdict was a technically proper way to raise the issue.

"In addition to the amounts set forth in the preceding paragraph, Lessee shall pay to Lessor a monthly payment to be determined as follows:

"A. The amount required to amortize a $70,000.00 mortgage over a Twenty (20) year period at Seven and one-half per cent (7½%) interest; said payment shall begin the day Lessor retakes possession and shall continue until the unamortized balance of the mortgage at the time Lessee elects to execute the release as hereinabove provided is satisfied in full. * * *.

"* * * * *."

On February 1, 1974, defendant gave notice under the mutual release clause and paid $5,000. On April 1, 1974, which was 60 days from the notice and thus the date for vacating the property, defendant began paying $563.92 per month, the sum necessary to amortize the $70,000 mortgage over 20 years at 7½ per cent interest. It continued to pay rent for six months subsequent to the notice date until August 1, 1974. Defendant did not, however, vacate the property on April 1, but remained approximately two months beyond that date. The jury found that defendant thereby obligated itself to pay the two months' additional rent which was adjudicated to be $2,266.62, the equivalent of two months' rental under the lease. The present dispute concerns whether defendant is entitled to a setoff against this rent obligation of the $563.92 payments it made on April 1 and May 1, 1974.

■ The resolution of this dispute turns on the interpretation of the mutual release clause. To avail itself of the provisions for the termination of the lease, defendant was required to do the following:

1. Give six months' notice (given February 1, 1974);
2. At the time of notice pay a lump sum of $5,000;
3. Pay rent for an additional six months (to August 1, 1974);
4. Vacate the premises within 60 days of giving notice (date for vacation April 1, 1974; actual vacation date May 20, 1974);

[ 514 ]

> 5. Pay $563.92 per month for the satisfaction of the mortgage from the time of vacating the premises.

Under the terms of the lease there could be a contention made that the sum of $563.92 per month to be applied toward the mortgage did not have to be paid until plaintiffs *actually* retook possession of the premises because of the provision, "said payment shall begin the day the Lessor retakes possession." However, both parties apparently interpret the contract to require that the payment of this sum should commence at the time plaintiffs *were entitled* to retake possession under the provision containing the language, "and by vacating the Premises within sixty (60) days from granting of such notice." This would seem to be a reasonable interpretation.

Under the mutual release clause plaintiffs had the right after 60 days from the receipt of the termination notice to lease or rent the property and to retain all the proceeds "without any accounting to Lessee whatsoever." Plaintiffs were unable to get access to the property or to lease or rent to others for approximately two months beyond the period when they were entitled thereto. Had they received possession at the time they were entitled to it, they would have had, under the mutual release clause, the right to (1) the rent specified in the lease, (2) $563.92 per month to apply on the mortgage, and (3) the possession of the property as well. Therefore, there is no basis for deducting the $563.92 per month from whatever amount was determined to be the reasonable rental value of the premises for the period plaintiffs were deprived of possession.

Defendant contends the issue is fully resolved by the allegations of plaintiffs' complaint in that plaintiffs specifically alleged that defendant owed for two months the rent as reserved in the lease. Defendant argues:

> "Plaintiffs elected to treat the lease as continuing for an additional two months, so as to require defendant to

pay the rent reserved in the lease for an additional two months; they did not elect to treat the lease as terminated and to sue for the reasonable rental value of the premises. * * *. Since plaintiffs treated the lease as continuing, they were entitled to recover for two months rent at the stipulated rate as alleged in their Complaint, but were not entitled to receive in addition the reduced monthly payment for those two months."

As we understand the argument, defendant is contending that by plaintiffs' treating the lease as continuing for two months, they delayed the time for delivery of possession by two months and thus delayed the time for the payment on the mortgage accordingly. Defendant claims that it therefore made the mortgage payments prematurely and that the amount for such should be credited on the rental for those two months. Technically, plaintiffs' complaint purports to sue for two months' holdover rent under the lease agreement. However, the case was not submitted to the jury on this basis. It was submitted to the jury without objection on the basis of the property's reasonable rental value, pursuant to defendant's requested instruction that it be so submitted. The trial court instructed the jury:

"Now, if you find that the defendant is obligated to pay additional rent for the period of time the equipment remained in the premises, then you are to determine what a fair monthly rental would be.

"* * * * *.

"If you find that the plaintiffs are entitled to a reasonable rental from the period of time from April 1 to May 20th, there is a verdict form for your foreman to sign. You will fill in the amount of the reasonable rental the plaintiffs are entitled to. * * *."

Under such circumstances defendant's argument falls.

■ Defendant also argues that if plaintiffs' judgment is treated as a recovery of reasonable rental, plaintiffs are not entitled to attorney fees. The agreement provides that "[t]he prevailing party in suit involving the rights, duties, and obligations of the parties hereto

* * * shall be entitled * * * to reasonable attorneys' fees * * *." Plaintiffs are entitled to attorney fees because their recovery is based upon defendant's breach of its obligation under the agreement to deliver possession in accordance with its terms.

The judgment of the trial court reducing plaintiffs' original judgment is set aside, and the case is reversed and remanded for reinstatement of the original judgment.